UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PAOLA MARINA ROTO DUTAN, et al.,

               Plaintiffs,

        v.

ODD CONSTRUCTION INC., et al.,

               Defendants.

**MEMORANDUM & ORDER**
25-CV-05831 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff Paola Marina Roto Dutan and others ("Plaintiffs"),[1] on behalf of themselves and others similarly situated, bring this action against Defendants ODD Construction Inc. ("ODD"); DHH Construction NYC Inc. ("DHH"); Industry Drywall Corporation ("Industry Drywall"); and Nestor Tobias Fajardo Paredes ("Paredes").  *See* ECF No. 29 (Am. Compl.).[2]  Plaintiffs assert, *inter alia*, claims of unpaid minimum and overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

On March 20, 2026, Plaintiffs and one of the defendants, Industry Drywall, moved for the Court's review and approval of their jointly proposed settlement of Plaintiffs' FLSA and NYLL claims pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).  *See* ECF No. 44 (Motion for Settlement Approval); ECF No. 44-1 (Original Proposed Settlement

---

[1]    The six named plaintiffs are:  Paola Marina Roto Dutan; Kevin Mauricio Gahui Gaguy ("KMGG"); Carlos Armando Gahui Gaguy ("CAGG"); Angel Enrique Gahui Yamba ("AEGY"); Angel Leonardo Chafla Yamba ("ALCY"); and Jose Luis Dutan Parapi ("JLDP").

[2]    Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations.  The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

Agreement; "OPSA").  The motion was denied without prejudice to renew because the OPSA

contained an overbroad release provision.  *See* April 30, 2026, Text Order.

On May 15, 2026, Plaintiffs and Industry Drywall filed a revised settlement agreement.

*See* ECF No. 45-1 (Revised Proposed Settlement Agreement; "RPSA").  For the reasons

explained herein, the Court approves the RPSA, under which Dutan will receive $4,323.04,

KMGG will receive $5,285.82, CAGG will receive $3,628.56, AEGY will receive $3,740.28,

ALCY will receive $6,087.80, JLDP will receive $10,118.57, and their counsel will receive

$18,815.93 in attorneys' fees and costs.[3]

## **LEGAL STANDARD**

In *Cheeks*, the Second Circuit held that "Rule 41(a)(1)(A)(ii) stipulated dismissals

settling FLSA claims with prejudice require the approval of the district court or the [U.S.

Department of Labor] to take effect."  *Cheeks*, 796 F.3d at 206.  "When presented with a

settlement for approval, a district court's options are to (1) accept the proposed settlement;

(2) reject the proposed settlement and delay proceedings to see if a different settlement can be

achieved; or (3) proceed with litigation."  *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir.

2020).  "If a district court concludes pursuant to *Cheeks* that a proposed settlement is

unreasonable in whole or in part, the court cannot simply rewrite the agreement—it must reject

the agreement or give the parties an opportunity to revise it."  *Id.* at 605.

The Second Circuit has not established an exhaustive list of factors that district courts

should consider when reviewing FLSA settlements, but it has identified the following factors that

district courts "typically" use:

---

[3]    The RPSA does not release Plaintiffs' claims against ODD, DHH, or Paredes, all of
whom have defaulted in this action.  *See* RPSA ¶ 3; ECF No. 40 (Clerk's Entry of Default).

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Id.* at 600.  In addition, courts should not approve settlements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims.  *See Cheeks*, 796 F.3d at 206.

With respect to attorneys' fees, the fees collected by a plaintiff's attorneys need not be calculated as a percentage of the overall settlement and, in the event that they are calculated as a percentage, they need not be limited to 33% of the settlement.  *See Fisher*, 948 F.3d at 602–03 (vacating district court order that limited the attorneys' fees collected by plaintiff's counsel to 33% of the settlement).  This is because the attorneys' fees provision of the FLSA was designed to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel."  *Id.* at 603.

## DISCUSSION

The Court finds the parties' jointly proposed settlement, ECF No. 45-1, to be fair and reasonable according to *Cheeks* and its progeny.  Plaintiffs state that their total unpaid wages and overtime amount is $136,000.  *See* ECF No. 44 at 2.  The total settlement amount is $52,000, inclusive of attorneys' fees and costs, of which Plaintiffs will ultimately receive $33,184.07.  *See* RPSA ¶ 1.  Specifically, Dutan will ultimately receive $4,323.04, KMGY will ultimately receive $5,285.82, CAGG will ultimately receive $3,628.56, AEGY will ultimately receive $3,740.28, ALCY will ultimately receive $6,087.80, JLDP will receive $10,118.57.  *See id.*  The recovery is to be paid in full within 15 days of the Court's approval.  *See id.*

To start, Plaintiffs' net result under the settlement (excluding attorneys' fees and costs) amounts to 24.4% of their best-case scenario recovery.  This percentage is reasonable

3

considering Plaintiffs' range of possible recovery and the significant risks Plaintiffs would face if they were to continue litigating this action.  Indeed, other courts in this Circuit have found settlement recoveries well below the 24.4% here to be "fair and reasonable and in line with other cases approving FLSA settlements in this Circuit." *See, e.g., Soto v. Triumph Constr. Corp.*, No. 21-cv-2449, 2023 WL 3483753, at *3 (S.D.N.Y. Apr. 26, 2023) (approving settlement of 15% of plaintiff's best-case scenario recovery); *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 323 (S.D.N.Y. 2021) (collecting cases and approving settlement of 13% of plaintiff's best-case scenario recovery).

Next, the parties reached this settlement through an arm's-length negotiation represented by experienced counsel.  *See* ECF No. 44 at 4; *see also Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13-cv-3234, 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) (collecting cases and approving settlements reached by "arm's length negotiations, which were undertaken in good faith by counsel").  They represent that the settlement terms "were reached after [a] months-long negotiation process between experienced counsel," that the "settlement amount was only achieved after continued negotiations between experienced counsel," and that the "parties engaged in extensive back-and-forth settlement discussions as well as exchanging information and documentation to aid negotiations."  ECF No. 44 at 1, 3, 4.

Next, the full settlement is publicly filed and "does not include any problematic provisions that could run afoul of the FLSA's remedial purposes, such as impermissible confidentiality or non-disparagement clauses; nor does the settlement agreement include any clauses that limit the prospect of Plaintiffs' future employment with Defendant." *Durand v. Excelsior Care Group LLC*, No. 19-cv-2810, 2021 WL 5409097, at *4 (E.D.N.Y. July 14, 2021); *see also* RPSA at 1–7.  Unlike in the OPSA, the RPSA's release provision is not overly broad

4

because it:  (1) only releases claims against Industry Drywall and does not release any claims against ODD, OHH, or Paredes; and (2) is strictly limited to claims under the FLSA and NYLL "concerning only unpaid wages, failure to pay weekly wage, record-keeping violations and failure to provide proper wage notice or wage statements."  RPSA ¶ 7; *see also Gonzalez v. Victoria G's Pizzeria LLC*, No. 19-cv-6996, 2021 WL 8316282, at *3 (E.D.N.Y. Nov. 12, 2021) (collecting cases and approving releases sufficiently limited in scope).

Finally, the proposed attorneys' fees are reasonable.  Plaintiffs' counsel seeks $16,592.03 in fees and $2,223.90 in costs—consisting of the $405 filing fee and $1,818.90 for service of process—for a total of $18,815.93.  *See* ECF No. 44 at 5.  The Court evaluates the attorneys' fees as a percentage of Plaintiffs' settlement net of costs.  *See Montalvo v. Arkar Inc.*, No. 17-cv-6693, 2018 WL 2186415, at *2 (S.D.N.Y. May 10, 2018) ("When assessing the reasonableness of an attorney's fee on the basis of its percentage of the settlement, it is fairer to look to the percentage of the settlement net of costs.").  Plaintiffs' counsel seeks a fee that is approximately 33% of the settlement, net of costs.  Although attorneys' fees need not be limited to 33% of the settlement, *see Fisher*, 948 F.3d at 602–03, courts in this Circuit routinely approve settlements that provide attorneys one-third of the settlement fund in FLSA cases, *see Escobar v. Variedades Belen Corp.*, No. 23-cv-04849, 2024 WL 1259367, at *5 (E.D.N.Y. Mar. 25, 2024) (collecting cases).

Even where fees are reasonable when analyzed under the percentage method, courts will additionally perform a lodestar "cross-check" and "compare the fees generated by the percentage method with those generated by the lodestar method."  *Mobley v. Five Gems Mgmt. Corp.*, No. 17-cv-9448, 2018 WL 1684343, at *4 (S.D.N.Y. Apr. 6, 2018).  In utilizing the lodestar approach, courts must multiply a reasonable number of hours required for the case with the

attorneys' reasonable hourly rate. *See Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d. Cir. 2011). Here, having reviewed the statements and billing records of Plaintiffs' attorneys, the Court notes that Plaintiffs' lodestar amount is $15,810, a figure arrived at after: (i) multiplying 23.8 billable hours spent by attorney Roman Avshalumov on the case with a rate of $500.00; (ii) multiplying 1 billable hour spent by attorney James O'Donnell on the case with a rate of $400.00; (iii) multiplying 7 billable hours spent by attorney Katelyn Schillaci, a junior associate, on the case with a rate of $250.00; and (iv) multiplying 17.6 billable hours spent by a paralegal on the case with a rate of $100.00. *See* ECF No. 44-3 at 1 (Lodestar Materials); *see also Guevara Nolasco v. Sunrise Metal Inc.*, No. 24-cv-08057, 2025 WL 3033763, at *2 (E.D.N.Y. Oct. 30, 2025). The lodestar multiplier is 1.05. *See James v. China Grill Mgmt., Inc.*, No. 18-cv-455, 2019 WL 1915298, at *3 (S.D.N.Y. Apr. 30, 2019) ("The lodestar multiplier is calculated by dividing the fee award by the lodestar."). Given that courts "regularly award lodestar multipliers from two to six times lodestar," *Escobar*, 2024 WL 1259367, at *6, the Court finds Plaintiffs' requested $18,815.93 in attorneys' fees and costs to be fair and reasonable.[4]

---

[4] In light of the analysis herein, the Court accepts the RPSA with one exception: the Court will not retain jurisdiction over the parties subject to the Revised Proposed Settlement Agreement or the action as it pertains to those parties. *See* RPSA ¶ 3.

## **CONCLUSION**

For the reasons set forth above, the Court GRANTS Plaintiffs' and Industry Drywall's joint motion for settlement approval, ECF No. 44, based on the Revised Proposed Settlement Agreement, ECF No. 45-1, and pursuant to *Cheeks*.  Plaintiffs shall move for default judgment against ODD, DHH, and Paredes, or file a notice of dismissal pursuant to Rule 41 by June 22, 2026.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated:  Brooklyn, New York
June 5, 2026

7